UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STEVEN ARTHUR NEWBANKS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>Defendant. | Case No. CV 16-04445-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Steven Arthur Newbanks ("Plaintiff") appeals from the Social Security Commissioner's final decision denying his application for Supplemental Security Income ("SSI"). For the reasons discussed below, the Commissioner's decision is affirmed and this matter is dismissed with prejudice.

///

///

///

---

[1] On January 21, 2017, Berryhill became the Acting Social Security Commissioner. Thus, she is automatically substituted as defendant under Federal Rule of Civil Procedure 25(d).

# I.
# BACKGROUND

Plaintiff applied for SSI on October 15, 2012, alleging disability beginning August 13, 2012. Administrative Record ("AR") 150. Plaintiff's claim was denied initially, AR 78-82, and on reconsideration, AR 87-91. Plaintiff requested a hearing, which took place on December 3, 2014; the Administrative Law Judge ("ALJ") took testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). AR 30-47.

In a written decision issued February 20, 2015, the ALJ denied Plaintiff's claim. AR 17-25. She found that Plaintiff had the severe impairments of follicular lymphoma; obstructive pulmonary disease; right elbow epicondylitis; right wrist degenerative joint disease; left cubital tunnel syndrome; degenerative disc disease of the cervical, thoracic, and lumbar spine; anxiety disorder; borderline intellectual functioning; and antisocial personality traits. AR 19. She concluded that Plaintiff's impairments did not meet or equal the severity of a listed impairment. AR 20-21. She found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with several additional limitations, most notably a limitation to performing simple, repetitive tasks with limited public interaction. AR 21. She found that Plaintiff was incapable of performing any past relevant work because his prior jobs involved medium work. AR 24. But based on the VE's testimony, the ALJ found that Plaintiff could work as an assembler, garment sorter, and router. AR 24-25. Therefore, she concluded that Plaintiff was not disabled. AR 25.

Plaintiff requested review of the ALJ's decision. AR 12-13. On May 3, 2016, the Appeals Council denied review. AR 1-4. This action followed.

///
///
///

## II.

## DISCUSSION

The parties dispute whether the ALJ (1) fully and fairly developed the record, (2) properly assessed Plaintiff's RFC, and (3) posed a complete hypothetical to the VE. See Joint Stipulation ("JS") at 2.

### A. Relevant Facts

Plaintiff's medical records included an unsigned treating physician general medical evaluation completed by "Dr. Cohn" on December 20, 2012. AR 223-24. The evaluation indicates that Plaintiff was examined on September 5, 2012. AR 223. The evaluation reported a "hernia in belly" and "cancer left breach – colon." AR 224. Plaintiff's records contained other references to a hernia. In 2006, Plaintiff had surgery to repair an inguinal hernia. AR 226, 369. A May 7, 2014 radiology report referred to a "periumbilical hernia containing fat only." AR 259. The ALJ noted that Plaintiff had been diagnosed with lymphoma but that the record otherwise contained "no indication of colon cancer." AR 19. She also observed that there was no follow-up treatment or further diagnostic tests performed regarding the periumbilical hernia. Id.

During the administrative hearing, Plaintiff's attorney asked Plaintiff what medical problems prevented him from working. AR 33. He indicated that he had been diagnosed with cancer in 2014. AR 33-35. Plaintiff's attorney also asked what conditions prevented him from working at the time he applied for disability benefits in 2012. AR 38. Plaintiff identified tendinitis in his right hand and wrist and anxiety. AR 39-40.

Clinical psychologist Mark Pierce performed a psychological examination of Plaintiff on March 7, 2013. AR 233-38. Dr. Pierce diagnosed anxiety disorder, borderline intellectual functioning, and antisocial personality traits. AR 237. He opined that Plaintiff retained the capacity to "complete simple and repetitive skills and to adapt to minimal changes in the work

environment." AR 238. Dr. Pierce found that Plaintiff's "[r]easoning capacities" were "adequate to this lower level of vocational functioning," noting that Plaintiff had not indicated any "significant adaptive deficits." Id.

The ALJ stated that Plaintiff's mental RFC was "based on the . . . evaluation performed by [Dr. Pierce] in March 2013." Id. She noted Dr. Pierce's opinion that Plaintiff retained the ability to adapt to minimal changes in the work environment. Id. However, as noted above, the RFC states that Plaintiff can only "perform simple repetitive tasks with limited public interaction." AR 21.

## B. The ALJ Fully and Fairly Developed the Record

Plaintiff argues that the ALJ failed to fully and fairly develop the record because he failed to obtain treatment records from Dr. Cohn specifically and from 2012 through 2013 in general. See JS at 3. The Court disagrees.

"An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require." 42 U.S.C. § 423(d)(5)(A). But the ALJ has a duty to fully and fairly develop the record. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). This duty is triggered when there is "[a]mbiguous evidence" or the ALJ finds that "the record is inadequate to allow for proper evaluation of the evidence." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ may discharge this duty by subpoenaing or submitting questions to the claimant's physician, continuing the hearing, or keeping the record open to allow supplementation. Id.

In the Ninth Circuit, "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (as amended). Plaintiff was represented by the same firm representing him in this Court at both his administrative hearing and before the

4

Appeals Council. See AR 12-13, 30, 32, 76, 149; JS at 1. Neither Plaintiff nor his attorney raised at the administrative hearing the issue of having colon cancer in 2012 or the need to further develop the record. See AR 39-40; Solorzano v. Astrue, No. 11-369, 2012 WL 84527, at *6 (C.D. Cal. Jan. 10, 2012) ("Counsel are not supposed to be potted plants at administrative hearings" and "have an obligation to . . . raise issues that may impact the ALJ's decision while the hearing is proceeding so that they can be addressed."). Moreover, Plaintiff did not raise any specific issues before the Appeals Council and requested only that the Council "review the exhibit file and audiocassette tape of the hearing." AR 13. Thus, this claim is waived in its entirety. See Johnson v. Colvin, No. 15-02239, 2016 WL 4208434, at *3 (C.D. Cal. Aug. 8, 2016) (concluding that claim was waived where "the Court has seen nothing (and Plaintiff has cited to nothing) in the record of the administrative proceedings indicating that Plaintiff or his counsel suggested that the ALJ failed to comply with his duty to fully and fairly develop the record").

And Plaintiff has not demonstrated "manifest injustice" sufficient to excuse his failure to raise this issue during the administrative proceedings. See id. at *3-4; Phillips v. Colvin, 593 F. App'x 683, 684 (9th Cir. 2015). Indeed, Plaintiff has not shown that the ALJ's duty to develop record was triggered. The ALJ did not find that the record was inadequate to allow for proper evaluation of the evidence. She correctly noted that the only mention of colon cancer appears in Dr. Cohn's December 2012 evaluation, with no other medical records documenting any indication of colon cancer. AR 19. Nothing in the record created any ambiguity about whether Plaintiff had limitations or other symptoms related to his colon cancer. Therefore, the ALJ's duty to develop the record was not implicated by Dr. Cohn's isolated reference to colon cancer. For all of these reasons, remand is not warranted.

## C. The ALJ's RFC Assessment and Hypothetical Presented to the VE Were Supported by Substantial Evidence

Plaintiff argues that the ALJ failed to properly assess his RFC because she omitted Dr. Pierce's opinion that Plaintiff could only adapt to minimal changes in the work environment. See JS at 5-6. And as a result, Plaintiff argues, the hypothetical presented to the VE was incomplete. See JS at 11-12. The Court rejects both arguments.

A claimant's RFC is the most a claimant can still do despite his limitations. Smolen, 80 F.3d at 1291 (citing 20 C.F.R. § 404 .1545(a)); see also 20 C.F.R. § 416.945(a). An ALJ will assess a claimant's RFC based on all the relevant evidence of record and will consider all of the claimant's medically determinable impairments, whether found to be severe or not. 20 C.F.R. § 416.945(a)(2). An RFC assessment is ultimately an administrative finding reserved to the Commissioner. 20 C.F.R. § 416.927(d)(2).[2] However, an RFC

---

[2] Social Security Regulations regarding the evaluation of opinion evidence were amended effective March 27, 2017. Where, as here, the ALJ's decision is the final decision of the Commissioner, the reviewing court generally applies the law in effect at the time of the ALJ's decision. See Lowry v. Astrue, 474 F. App'x 801, 805 n.2 (2d Cir. 2012) (applying version of regulation in effect at time of ALJ's decision despite subsequent amendment); Garrett ex rel. Moore v. Barnhart, 366 F.3d 643, 647 (8th Cir. 2004) ("We apply the rules that were in effect at the time the Commissioner's decision became final."); Spencer v. Colvin, No. 15-05925, 2016 WL 7046848, at *9 n.4 (W.D. Wash. Dec. 1, 2016) ("42 U.S.C. § 405 does not contain any express authorization from Congress allowing the Commissioner to engage in retroactive rulemaking"); cf. Revised Medical Criteria for Determination of Disability, Musculoskeletal System and Related Criteria, 66 Fed. Reg. 58010, 58011 (Nov. 19, 2001) ("With respect to claims in which we have made a final decision, and that are pending judicial review in Federal court, we expect that the court's review of the Commissioner's final decision would be made in accordance with the rules in effect at the time of the final decision."). Accordingly, citations to 20 C.F.R. § 416.927 are to the version in effect from August 24, 2012 to March 26, 2017.

determination is based on all of the relevant evidence, including the diagnoses, treatment, observations, and opinions of medical sources, such as treating and examining physicians. See 20 C.F.R. § 416.945.

Here, as noted above, while Dr. Pierce opined that Plaintiff "apparently retains the capacity . . . to adapt to minimal changes in a work environment," he also noted that Plaintiff did not indicate "significant adaptive deficits." It was the ALJ's job to resolve what seems to be an internal inconsistency in Dr. Pierce's report. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 603 (9th Cir. 1999) (holding that ALJ was "responsible for resolving conflicts" and "internal inconsistencies" within doctor's reports). Moreover, the ALJ was not required to regurgitate Dr. Pierce's assessment as Plaintiff's RFC. See Bustos v. Astrue, No. 11-1953, 2012 WL 5289311, at *5 (E.D. Cal. Oct. 23, 2012) (noting that the Ninth Circuit has said that "an ALJ may synthesize and translate assessed limitations into an RFC assessment without repeating each functional limitation verbatim"). The ALJ here assessed that Plaintiff could perform "simple repetitive work," which appears to encompass at least to some degree Dr. Pierce's possible concern about Plaintiff's ability to adapt to a changing work environment. See James v. Astrue, No. 08-1032, 2009 WL 1748695, at *5 (E.D. Cal. June 19, 2009) (finding by physician that claimant could perform simple, repetitive work suggests that physician found claimant capable of performing basic work activities notwithstanding limitation on ability to respond to changes in work environment). Although other interpretations of Dr. Pierce's report might be possible, the ALJ's interpretation is entitled to deference. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Moreover, any error in the omission of Dr. Pierce's finding that Plaintiff had the capacity to adapt to minimal changes in a work environment was

7

harmless. Relying on the VE's testimony, the ALJ found that despite his limitations Plaintiff could perform the jobs of assembler, garment sorter, and router. See DOT 706.684-022, 1991 WL 679050 (assembler); DOT 222.687-014, 1991 WL 672131 (garment sorter); DOT 222.587-038, 1991 WL 672123 (router). The descriptions in the Dictionary of Occupational Titles ("DOT") for those jobs do not include anything that appears to involve more than minimal changes in a work environment. The only mention of changes in the work environment appears in the description of " assembler, small products I," DOT 706.684-022, which indicates that such a worker "[m]ay be assigned to different work stations as production needs require or shift from one station to another to reduce fatigue factor." Moving work stations does not appear to be more than a minimal change in the work environment. Thus, even if the ALJ erred in omitting a restriction to minimal changes in a work environment from his RFC, Plaintiff could have performed the three identified jobs even with that limitation. Such an omission was therefore inconsequential to the outcome of the ALJ's final disability determination. See Norwood v. Astrue, No. 09-3996, 2010 WL 2509358, at *3 (C.D. Cal. June 17, 2010) (explaining that even if ALJ erred in not including limitation against exposure to hazardous machinery in RFC assessment, any such error was harmless because "representative occupations" ALJ determined plaintiff could perform did not require concentrated exposure to hazardous machinery). For this additional reason, remand is unwarranted.

Plaintiff's argument about the hypothetical posed to the VE similarly fails. A hypothetical posed to the VE must set out all of the claimant's limitations and restrictions. See Light v. Soc. Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997) (as amended); Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). However, the hypothetical need not include limitations that are unsupported by substantial evidence in the record. See Osenbrock v. Apfel, 240

F.3d 1157, 1163-64 (9th Cir. 2001). Because the ALJ did not err in omitting from his RFC assessment Dr. Pierce's finding that Plaintiff could adapt to minimal changes in the work environment, the ALJ was not obligated to include such limitations in the hypothetical to the VE. See <u>Thomas v. Barnhart</u>, 278 F.3d 947, 959 (9th Cir. 2002) (holding that ALJ need not include limitations that are not supported by objective medical evidence in hypothetical questions to VE). Remand is therefore not warranted on this basis.

## III.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: July 6, 2017

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge